**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**CHRISTOPHER LAMAR WOODS,**

      **Petitioner,**

**v.**                                    **Case No.: 5:13-cv-26595**

**WARDEN ZEIGLER,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application for a Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241, challenging the calculation of his sentences. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order, is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Having examined Petitioner's Section 2241 Application, the undersigned **FINDS** that the Application fails to state a live case or controversy in light of Petitioner's recent release from custody, and in any event, his sentences were properly calculated. Accordingly, the undersigned respectfully **RECOMMENDS** that Petitioner's Application be **DISMISSED,** and this action be removed from the docket of the Court.

I.    **Relevant Facts and Procedures**

On December 1, 2004, Petitioner committed the federal offense of Distribution of a Controlled Substance, which resulted in charges in the United States District Court for

the Northern District of Alabama, Case No. 1:07-cr-0252.[1] (ECF No. 10-1 at 1, 6-10). On July 18, 2006, Petitioner again committed the federal offense of Distribution of a Controlled Substance, which resulted in an additional charge in the United States District Court for the Northern District of Alabama, Case No. 1:08-cr-197.[2] (*Id.* at 1, 12-16). On May 18, 2007, Petitioner was arrested and charged by State authorities in DeKalb County, Georgia, for Possession of Marijuana in Case No. 07C91568. (*Id.* at 17-20). Petitioner posted bond on May 19, 2007, and was released by State authorities on May 21, 2007. (*Id.*). On the same day of his release, Petitioner was taken into custody by State authorities in Heard County, Georgia, for the offense of Trafficking Cocaine. (*Id.* at 2). On July 17, 2007, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Georgia. (*Id.* at 23). On December 13, 2007, the United States District Court for the Northern District of Alabama imposed a 60-month term of imprisonment for the offense of Distribution of a Controlled Substance in Case No. 1:07-cr-0252. (*Id.* at 6-10). On February 12, 2008, Petitioner was returned to State custody via return writ. (*Id.* at 23). On July 10, 2008, the Heard County Superior Court, Franklin, Georgia, imposed a 20-year term of imprisonment in Case No. 07-R-238. (*Id.* at 26). The State Court ordered that Petitioner serve 15 years of the 20-year term. (*Id.*). On September 5, 2008, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Georgia. (*Id.* at 23). On

---

[1] Although the offense conduct took place on December 1, 2004, Petitioner was not indicted by the Federal grand jury until June 27, 2007. *United States v. Woods*, Case No. 1:07-cr-0252 (N.D.Ala. Jan. 7, 2008), ECF Nos. 1, 14.

[2] Petitioner was charged in the Northern District of Alabama by Superseding Indictment filed on July 29, 2008. *United States v. Woods*, 1:08-cr-0197, ECF No. 150.

February 20, 2009, the United States District Court for the Northern District of Alabama imposed a 84-month term of imprisonment for the offense of Distribution of Five Grams or More of a Mixture and Substance Containing Cocaine Base in Case No. 1:08-cr-197. (*Id.* at 12-16). The Northern District of Alabama ordered that the foregoing sentence "shall run concurrently to the imprisonment pursuant to the judgment in United States District Court for the Northern District of AL case no. 1:07cr252-SLB-JEO, AND Heard County Superior Court of GA case no. 07-R-238." (*Id.* at 13). On March 27, 2009, Petitioner was returned to State custody via return writ. (*Id.* at 23). The Georgia Department of Corrections commenced Petitioner's 15-year State sentence on May 17, 2007, thereby granting Petitioner 420 days of jail credit from May 17, 2007, through July 9, 2008 (the day before State sentence was imposed). (*Id.* at 26). On March 22, 2010, the charge for Possession of Marijuana in State case No. 07C91568 was *nolle prossed*. (*Id.* at 17-18). On August 20, 2012, Petitioner was released on parole from his State sentence into the exclusive custody of the United States Marshal Service. (*Id.* at 23, 26).

On October 24, 2013, Petitioner filed his instant Application Under 28 U.S.C. § 2241.[3] (ECF No. 1.) Petitioner alleges that the Federal Bureau of Prisons ("BOP") is improperly calculating his term of imprisonment. (ECF Nos. 1, 2.) Specifically, Petitioner argues that the BOP improperly calculated his "two Federal sentence (60 months and 84 months), which were to be served concurrently." (ECF No. 2 at 3). Petitioner explains that he should have received *nunc pro tunc* designation for both of his Federal sentences because "it was the clear desire of the sentencing courts for a concurrent sentence." (*Id.*)

---

[3] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner claims that the BOP never contacted the Sentencing Court in regards to his *nunc pro tunc* designation because Petitioner "is certain the Sentencing Judge would have acknowledged the fact of its desire to have complete concurrent terms of imprisonment." (*Id.* at 7). Petitioner, therefore, argues that the BOP improperly aggregated his term of imprisonment. (*Id.* at 8). As relief, Petitioner requests that his Court grant him *nunc pro tunc* designation. (*Id.*)

On November 14, 2013, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (ECF No. 6.) On December 13, 2013, Respondent filed his Response to the Order to Show Cause. (ECF No. 10.) Respondent argues that Petitioner's Application should be dismissed based on the following: (1) "Petitioner's Federal sentences are appropriately calculated" (*Id.* at 6-9); (2) "Petitioner is not entitled to prior custody credit" (*Id.* at 9-10); and (3) *Nunc pro tunc* designation is not warranted with respect to Petitioner's 60-month sentence (*Id.*, at 11-12).

As Exhibits, Respondent files the following: (1) The Declaration of Forest B. Kelly (ECF No. 10-1 at 1-4); (2) A copy of the "Judgment in a Criminal Case" as filed in the Northern District of Alabama on January 7, 2008, in Criminal Action No. 1:07-cr-0252 (*Id.* at 5-10); (3) A copy of the "Judgment in a Criminal Case" as filed in the Northern District of Alabama on February 23, 2009, in Criminal Action No. 1:08-cr-197 (*Id.* at 11-16); (4) A copy of the Online Judicial System Criminal Case Details for DeKalb County, Georgia, regarding Case No. 07C91568 (*Id.* at 17-18); (5) A copy of the Jail ID/Name Search Details regarding Petitioner in DeKalb County, Georgia (*Id.* at 19-20);

4

(6) A copy of USMS Form 129 (*Id.* at 22-24); (7) A copy of the "Georgia Department of Corrections Sentence Computation Report" dated November 19, 2013 (*Id.* at 25-26); (8) A copy of SENTRY "Sentence Monitoring Computation Data As of 12-11-2013" (*Id.* at 27-31); (9) A copy a letter from the BOP addressed to United States District Judge Sharon Lovelace Blackburn dated March 29, 2013, regarding Petitioner's *nunc pro tunc* designation (*Id.* at 32-34); (10) A copy of the "Factors Under 18 USC 3621(b) Worksheet" (*Id.* at 35-36); (11) A copy of Program State 5160.05 (*Id.* at 37-50); and (12) A copy of four "Independent Sentence Computation" (*Id.* at 51-58).

In Reply, Petitioner continues to argue that the BOP is improperly denying him *nunc pro tunc* designation regarding his 60-month Federal sentence in Case No. 1:07-cr-0252. (ECF No. 11.) Petitioner claims that the "letter to the Sentencing Court most likely was never even sent to the United States District Court." (*Id.* at 3). Petitioner alleges that during his sentencing hearing in Case No. 1:07-cr-0252 District Judge Blackburn stated "she would run the sentence concurrent, but no sentence existed at that time even though the un-imposed State sentence was shortly going to be imposed." (*Id.*). Petitioner, therefore, argues that he is entitled to *nunc pro tunc* designation regarding his 60-month sentence in Case No. 1:07-cr-0252. (*Id.* at 5). As an Exhibit, Petitioner attaches a copy of his "Sentence Monitoring Computation Data As of 03-21-2013" (*Id.* at 7-8).

## II.   Discussion

### A.    The Application is Moot by Petitioner's Release

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that

5

federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Nakell v. Attorney General of North Carolina,* 15 F.3d 319, 322 (4th Cir.), *cert. denied*, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, Petitioner's Application now lacks a live case or controversy that requires adjudication.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Petitioner fails to state any concrete and continuing injury, or collateral consequence of his conviction. Accordingly, the undersigned **FINDS** that Petitioner's claims are rendered moot by virtue of his release from custody[4] and the absence of collateral consequences, and thus his Section 2241 Application must be dismissed. *See, e.g., Alston v. Adams*, 178

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 30, 2015.

F.App'x 295, 296 (4th Cir. 2006); *Alvarez v. Conley*, 145 F.App'x 428, 429 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942, at *5 (N.D.W.Va. Oct. 2, 2007). Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim.

**B.   Petitioner's Federal Sentences are Correctly Calculated.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction ... may elect under the doctrine of comity to relinquish it to another sovereign." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. *United States v. Cole,* 416 F.3d 894, 897 (8th Cir. 2005). Primary jurisdiction is not relinquished when an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum*. *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)(*citing Thomas v. Whalen*, 962 F.2d 358, 361, n. 3 (4th Cir. 1992)("A federal sentence does not begin to run ... when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of *habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

State authorities arrested Petitioner on May 18, 2007, thereby obtaining primary jurisdiction. Although Petitioner was released on bond by authorities in DeKalb County, Georgia on May 21, 2007, State authorities regained primary jurisdiction on the same

day (May 21, 2007) when Petitioner was taken into custody by authorities in Heard County, Georgia. Petitioner was then temporarily transferred into Federal custody on July 17, 2007, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on December 13, 2007, to a 60-month term of imprisonment in Case No. 1:07-cr-0252. He was then transferred back into State custody on February 12, 2008, and sentenced on July 10, 2008, to a 20-year term of imprisonment by the Heard County Superior Court. The Heard County Superior Court ordered that Petitioner served 15 years of 20-year term. Petitioner was then temporarily transferred into Federal custody on September 5, 2008, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on February 20, 2009, to a 84-month term of imprisonment in Case No. 1:08-cr-0197. The District Judge ordered that Petitioner's sentence be served concurrent with his previously imposed Federal and State sentences. Petitioner was then transferred back into State custody on March 27, 2009. The State relinquished primary jurisdiction when Petitioner was paroled from his State sentence on August 20, 2012.

Upon special circumstances, the Attorney General or the BOP may enter a *nunc pro tunc* designation allowing a Federal sentence to begin to run while an inmate is in State custody. *See* 18 U.S.C. § 3621(b); *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998) (finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

**(b) Place of imprisonment.** The Bureau of Prisons shall designate the

place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --

> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence --
>
>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a *nunc pro tunc designation*, the BOP is not obligated to grant the designation. *See Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately made a *nunc pro tunc* designation by deeming Petitioner's 84-month Federal sentence (1:08-cr-0197) to have commenced on February 20, 2009 (the date the sentence was imposed). The BOP, however, determined that Petitioner was not entitled to *nunc pro tunc* designation concerning his 60-month Federal sentence (1:07-cr-0252), which was silent as to whether it was to run concurrent or consecutive. Regarding Petitioner's 60-month Federal sentence, the BOP contacted the Federal sentencing court concerning

9

its position as to *nunc pro tunc* designation. The Federal sentencing judge, however, failed to respond.[5] Upon consideration of the criteria set forth in Section 3621(b), the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for *nunc pro tunc* designation. (ECF No. 10-1 at 36). The Worksheet reveals that *nunc pro tunc* designation was denied based upon "the nature and circumstances of the offense," "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)," and "any statement by the court that imposed the sentence (to include no response from the judge)." (*Id.*) In view of the foregoing, the undersigned **FINDS** that the BOP appropriately considered Petitioner's request *for nunc pro tunc* designation concerning his 60-month Federal sentence.

Petitioner's 60-month Federal sentence was deemed to run consecutive with his State sentence and concurrent with his 84-month Federal sentence. The BOP, therefore, aggregated the two Federal sentences into a single term of imprisonment for calculation purposes. To determine the aggregate sentence, the effective full term ["EFT"] date for each Federal sentence is calculated. Petitioner's 84-month Federal sentence commenced on February 20, 2009 (the date it was imposed), resulting in an EFT date of February 19, 2016. Petitioner's 60-month Federal sentence commenced on August 20, 2012 (date Petitioner was paroled from State sentence), resulting in an EFT date of August 19, 2017.

---

[5] On September 6, 2013, Petitioner filed in the Northern District of Alabama a Motion to Modify Sentence in Case No. 1:08-cr-0197. In his Motion, Petitioner requested that the Northern District of Alabama grant him credit for time served prior to the date his sentence was imposed in Case No. 1:08-cr-0197. United States District Judge Virginia Emerson Hopkins denied Petitioner's Motion finding that "[t]he BOP has followed the provisions of 18 U.S.C. § 3585 accurately in computing the defendant's sentence in this case, taking into account the court's order to run the sentence concurrently with the sentences previously imposed in 1:07-cr-252-SLB and Heard County case 07-R-238." District Judge Hopkins further noted that "defendant's request should be addressed through a nunc pro tunc request to the Honorable Sharon L. Blackburn in 1:07-cr-252-SLB. This court has been advised that the BOP forwarded such a request to Judge Blackburn on November 12, 2013." *Woods*, Case No. 1:08-cr-0197, ECF No. 551.

Since the EFT date of Petitioner's 60-month sentence (August 19, 2017) exceeds the EFT of the 84-month sentence (February 19, 2016), it is considered a concurrent overlap situation and the concurrent overlap must be calculated. The overall concurrent overlap began on February 20, 2009 (commencement date of the 84-month sentence) and concluded on August 19, 2017 (the expiration of the full term date of the 60-month sentence), resulting in an aggregate term of 102 months. Accordingly, Petitioner's Federal term is considered to be a 102-month sentence, commencing on February 20, 2009. Consequently, the undersigned **FINDS** that the BOP appropriately calculated Petitioner's Federal sentences.

## III.   <u>Proposal and Recommendation</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the presiding District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241, (ECF No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which

objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and Magistrate Judge Eifert.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

**FILED**:   March 23, 2015

Cheryl A. Eifert
United States Magistrate Judge